1525

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 10-113 |
| | ) | |
| v. | ) | (18 U.S.C. § 1344(1), 1343, |
| | ) | 1956(a)(1)(B)(i) and |
| DAVID LANDMAN | ) | 1028A(a)(1)) |

INDICTMENT

COUNT ONE

The grand jury charges:

1. At all times material to this Indictment, Flagstar Bank was a federally insured financial institution.

2. From in and around April 2005, to in and around May 2005, in the Western District of Pennsylvania, the defendant, DAVID LANDMAN, did knowingly execute and attempt to execute a scheme and artifice to defraud Flagstar Bank.

3. It was part of the scheme and artifice that, in or around April 2005, the defendant, DAVID LANDMAN, applied for a loan through Flagstar Bank in the name of an individual known to the grand jury as DK, without DK's authorization, to be collateralized by the property located at 20 Edgewood Road, Pittsburgh, Pennsylvania.

4. It was further part of the scheme and artifice that the defendant, DAVID LANDMAN, in connection with the loan, did knowingly make material misrepresentations related to DK, including the following:

    a. DK's income; and

    b. That DK intended to reside at 20 Edgewood Road,

Pittsburgh, Pennsylvania as his primary residence.

5. It was further a part of the scheme and artifice that the defendant, DAVID LANDMAN, acting as the closing agent for Flagstar Bank, closed the transaction referred to above on or about May 5, 2005, representing on the settlement statement that he, as the closing agent, had distributed or intended to distribute approximately $722,736.13 to a lender that had a mortgage on the property located at 20 Edgewood Road, Pittsburgh, Pennsylvania, when, in fact, as the defendant, DAVID LANDMAN, then well knew, he did not distribute and did not intend to distribute those funds to the lender.

6. It was further a part of the scheme and artifice that the defendant, DAVID LANDMAN, provided to Flagstar Bank a settlement statement containing the forged signature of DK and material misrepresentations related to the distribution of funds connected with the transaction.

In violation of Title 18, United States Code, Section 1344(1).

## COUNTS TWO - FOUR

The grand jury further charges:

### THE SCHEME AND ARTIFICE

7. From in and around July 2004, and continuing thereafter to on or about August 10, 2006, in the Western District of Pennsylvania, the defendant DAVID LANDMAN, devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, well knowing at the time that the pretenses, representations and promises were false and fraudulent when made.

8. It was part of the scheme and artifice to defraud that the defendant, DAVID LANDMAN, submitted loan applications in the name of an individual known to the grand jury as DK, all but the first of those without the authorization of DK, to be collateralized by the property located at 20 Edgewood Road, Pittsburgh, Pennsylvania.

9. It was further part of the scheme and artifice that, the defendant, DAVID LANDMAN, in connection with the loans, did knowingly make material misrepresentations related to DK, including the following:

    a. DK's income; and

    b. That DK intended to reside at 20 Edgewood Road, Pittsburgh, Pennsylvania, as his primary residence.

10. It was further a part of the scheme and artifice to defraud that the defendant, DAVID LANDMAN, acting as the closing agent for the lenders, closed the loans and represented on the settlement statements that he, as the closing agent, had paid or intended to pay liabilities associated with the collateral, namely the property located at 20 Edgewood Road, Pittsburgh, Pennsylvania, when, in fact, as the defendant, DAVID LANDMAN, then well knew, he did not pay and did not intend to pay those liabilities.

11. It was further a part of the scheme and artifice to defraud that the defendant, DAVID LANDMAN, provided to the lenders settlement statements containing the forged signature of DK and misrepresentations related to the distribution of funds connected with the transaction, namely that liabilities associated with the collateral had been paid.

### THE WIRE COMMUNICATIONS

12. On or about the dates set forth below, in the Western District of Pennsylvania, the defendant, DAVID LANDMAN, for the purpose of executing and attempting to execute the scheme and artifice to defraud, did cause to be transmitted in interstate commerce, by means of a wire communication, the following certain signs and signals, each such transmission representing a separate count:

| Count | Date | Description of Transmission |
|---|---|---|
| TWO | 8/7/2006 | Facsimile sent from the Western District of Pennsylvania to a representative of Virtual Bank in Florida enclosing records related to a loan to DK, including an Ameriprise Statement of Financial Accounts |
| THREE | 8/7/2006 | E-mail sent from a representative of American Deed in the Western District of Pennsylvania to a representative of Virtual Bank in Florida regarding the loan to DK |
| FOUR | 8/11/2006 | Facsimile from a representative of American Deed in the Western District of Pennsylvania to a representative of Virtual Bank in Florida of the settlement statement related to a loan to DK |

All in violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The grand jury further charges:

13. In or around August 2006, in the Western District of Pennsylvania and elsewhere, the defendant, DAVID LANDMAN, during and in relation to the crime of Wire Fraud as set forth in Counts Two through Four of this Indictment, did knowingly possess and use, without lawful authority, the means of identification of another person, namely the name, date of birth, and social security number of an individual known to the grand jury as DK.

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNTS SIX - EIGHT

The grand jury further charges:

14. On or about the dates set forth below, in the Western District of Pennsylvania, the defendant, DAVID LANDMAN, did knowingly conduct and attempt to conduct financial transactions affecting interstate commerce which involved the proceeds of specified unlawful activity, knowing that the property involved represented the proceeds of some form of unlawful activity and knowing that said financial transaction was designed in whole or in part to conceal and disguise the location, source, ownership and control of the proceeds of specified unlawful activity; in that the defendant, DAVID LANDMAN, did cause the following financial transactions, all of which involved the proceeds of Wire Fraud, each such transaction representing a separate count:

| Count | Date | Description of Transaction |
|---|---|---|
| SIX | 8/16/2006 | The deposit of Check No. 4333 drawn on the Fifth Third Bank Account of American Deed, LLC into the PNC Bank account of AJCA Enterprises, LP in the approximate amount of $15,000 |
| SEVEN | 8/16/2006 | The deposit of Check No. 4332 drawn on the Fifth Third Bank Account of American Deed, LLC into the National City Bank account of AJCA Enterprises, LP in the approximate amount of $15,000 |

| Count | Date | Description of Transaction |
|---|---|---|
| EIGHT | 8/17/2006 | The wire transfer in the approximate amount of $64,637.58 from the Fifth Third Bank Account of American Deed, LLC into the PNC Bank account of AJCA Enterprises, LP |

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

A True Bill,

_____
FOREPERSON

_____
ROBERT S. CESSAR
Acting United States Attorney
PA ID No. 47736